UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FINANCIAL EQUIPMENT COMPANY, INC.,

    Plaintiff,

v.                                                       Case No. 10-C-794

MICHAEL SILVA,

    Defendant.

**DECISION AND ORDER GRANTING FECO'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT, DENYING SILVA'S MOTION FOR JUDGMENT ON THE PLEADINGS AS MOOT AND DENYING SILVA'S MOTION FOR ATTORNEYS' FEES WITHOUT PREJUDICE**

## I. BACKGROUND

On August 12, 2010, Financial Equipment Company, Inc. ("FECO") filed a complaint in state court against a former employee, Michael Silva ("Silva"). On September 14, 2010, Silva removed the action to federal court. In its initial complaint, FECO alleged breach of contract, misappropriation of trade secrets, misappropriation of confidential information, and unfair competition.

On November 17, 2010, this court entered an order denying FECO's motion for a preliminary injunction. As part of the briefing for that motion, Silva submitted a motion to dismiss FECO's first claim, which asserted that Silva breached a 2004 employment contract with FECO's alleged predecessor, Financial Service and Pneumatics, Inc. ("Financial Service"). Because the motion to dismiss under Fed. R. Civ. P. 12(b)(6) was untimely, the parties agreed to treat the motion as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). On November 5, 2010, FECO responded to the motion and also separately filed a motion for leave to file an amended complaint. Additionally, on November 30, 2010,

Silva filed a motion seeking attorneys' fees expended in defending against FECO's motion for a preliminary injunction. The motions have been fully briefed and are now ready for resolution by this court.

For the reasons set forth below, I will grant FECO's motion for leave to file an amended complaint, deny Silva's motion for judgment on the pleadings as moot, and deny without prejudice Silva's motion for attorneys' fees.

## II. ANALYSIS

### A. FECO's Motion for Leave to File an Amended Complaint

Leave to amend a complaint under Fed. R. Civ. P. 15(a)(2) "should be freely given unless it appears to a certainty that [the] plaintiff would not be entitled to any relief under any state of facts which could be proved in support of his claim." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977) (quoting *Fuhrer v. Fuhrer*, 202 F.2d 140, 143 (7th Cir. 1961)). The decision to grant or deny a motion for leave to file an amended complaint is "a matter purely within the sound discretion of the district court." *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991). A court should deny a motion to amend when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). If an amended pleading could not survive a motion to dismiss or a motion for summary judgment, then the amendment is a "futile gesture." *Wilson v. Am. Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989) (citing *Collyard v. Wash. Capitals*, 477 F. Supp. 1247, 1249 (D. Minn. 1979)). *See also Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir. 1985) ("[A] district court is justified in denying an amendment if the proposed amendment could not withstand a motion to dismiss.")

In its motion, FECO specifically requests that it be granted leave to file an amended complaint

2

containing the following amendments: (1) the first claim for relief for breach of contract be amended to include the employment agreement entered into in 2006 by the parties instead of its current claim for relief under the 2004 agreement between Silva and Financial Service; (2) the complaint be amended to include factual allegations regarding the steps FECO took to maintain the confidentiality of its trade secrets and other confidential business information; (3) the complaint be amended to provide greater detail regarding the trade secret information at issue; and (4) the complaint be amended to contain a new claim for promissory estoppel based on the 2006 employment agreement.

Silva only objects to FECO's request to amend its breach of contract claim. He argues that the court should not allow FECO to amend the complaint to include the 2006 employment agreement because the breach of contract claim is futile. First, Silva argues that FECO's contract claim fails because FECO has not pled the existence of a contract and because the statute of frauds precludes enforcement of the 2006 agreement. Second, Silva argues that promissory estoppel does not save the contract claim based on the alleged 2006 employment agreement because the no-hire clause voids the covenant not to compete in the agreement and the non-compete and confidentiality clauses are both unenforceable.

To succeed against Silva's claim that the breach of contract claim is futile, FECO's proposed amendment must be capable of withstanding a motion to dismiss under Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to the probability standard. *Id.* A plaintiff's complaint must contain

3

enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the plaintiff must "'nudge[] his claims' . . . 'across the line from conceivable to plausible.'" *Iqbal*, ___ U.S. ___, 129 S. Ct. at 1950-51.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at ___, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8. While the plaintiff must provide notice to defendants of his claims, factual allegations consisting of "abstract recitations of elements of a cause of action or conclusory legal statements" are inadequate. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Moreover, the court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir. 1988).

At its most basic level, a contract requires an offer, acceptance, and consideration. *Piaskoski & Assoc. v. Ricciardi*, 2004 WI App 152, ¶ 7, 275 Wis. 2d 650, ¶ 7, 686 N.W.2d 675, 678 (Wis. Ct. App. 2004). "Offer and acceptance exist when the parties mutually express assent, and consideration exists if the parties manifest an intent to be bound to the contract." *Id*. Here, FECO alleges that Silva "was informed of and provided a copy of a Financial Equipment employment contract" and that on several occasions, Silva "acknowledged the commission schedule and 2006 Covenant Not To Compete." (Compl. ¶¶ 10–11.) Although "acknowledging" a contract may not amount to mutual assent and intent to be bound, it is plausible, under the facts as alleged, that FECO has a claim for breach of contract.

Additionally, Silva argues that the statute of frauds precludes enforcement of the 2006 employment agreement. However, Wisconsin courts have found that oral employment agreements for an indefinite period of time do not fall within the statute of frauds. *See Kirkpatrick v. Jackson*, 256 Wis. 208, 212–13, 40 N.W.2d 372, 374 (Wis. 1950) ("A contract for hire for an indefinite term is a valid contract although not in writing.") *See also Marek v. Knab* Co., 10 Wis. 2d 390, 393, 103 N.W.2d 31, 34 (Wis. 1960) ("This court has consistently held that contracts for hire for an indefinite term are valid contracts although not in writing . . . ."); *Kinzfogl v. Greiner*, 265 Wis. 105, 107, 60 N.W.2d 741, 742 (Wis. 1953) (finding that an oral employment contract terminable at will is valid and not void under the statute of frauds).

Whether FECO will, in the end, be able to prove its breach of contract claim remains to be seen. However, based on the analysis above, I am satisfied that FECO should be allowed to proceed on its breach of contract claim. Thus, FECO's motion for leave to file an amended complaint will be granted.

### B. Silva's Motion for Judgment on the Pleadings

In his motion for judgment on the pleadings, Silva argued that the court should dismiss the first claim for relief, which asserted that Silva was subject to an employment agreement entered into in 2004. After granting FECO's motion for leave to file an amended complaint, FECO no longer asserts a claim under the 2004 employment agreement. Instead, FECO only asserts a claim under the employment agreement that the parties allegedly entered into in 2006. Because the claim as it relates to the 2004 employment agreement is no longer being asserted, Silva has already received the relief requested in his motion for judgment on the pleadings. Therefore, I will deny Silva's motion for judgment on the pleadings as moot.

## C. Silva's Motion for Attorneys' Fees

Silva filed a motion for attorneys' fees expended as a result of defending against FECO's motion for a preliminary injunction. He argues that under the employment contract, he is entitled to attorneys' fees as the "prevailing party" in the motion for a preliminary injunction. Specifically, the employment contract provides as follows:

> Section 17.   Attorney Fees.  In the event an arbitration, suit, or action is brought by any party under this Agreement to enforce any of its terms, or in any appeal therefrom, it is agreed that the prevailing party shall be entitled to reasonable attorneys fees to be fixed by the arbitraitor (sic), trial court, and/or appelate (sic) court.

Under the attorneys' fees section, as it relates to the motion for a preliminary injunction, Silva is not the "prevailing party" in the "action." In my decision and order regarding the preliminary injunction, I denied the motion because FECO had not met the heavy burden of persuading the court that the extraordinary relief of a preliminary injunction was warranted. The decision did not, however, declare that FECO would be absolutely unable to prevail on its claims as the litigation continues. In fact, a party does not prevail and an action has not terminated simply because the court has ruled on a motion for preliminary injunction. *See Sole v. Wyner*, 551 U.S. 74, 78 (2007) (holding that there is no "prevailing party" for the purpose of a fee-shifting statute after a decision on a motion for a preliminary injunction; there must be a final disposition of the action). It is entirely possible that a party losing a motion for a preliminary injunction ultimately prevails in the action, and vice versa. Thus, awarding attorneys' fees at this early stage of the proceedings would be inappropriate.

Based on the foregoing, I will deny Silva's motion for attorneys' fees without prejudice.

**NOW THEREFORE IT IS ORDERED** that FECO's motion for leave to file an amended complaint be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that Silva's motion for judgment on the pleadings be and hereby is **DENIED** as **MOOT**;

**IT IS FURTHER ORDERED** that Silva's motion for attorneys' fees be and hereby is **DENIED** without prejudice.

**SO ORDERED** this 14th day of December, 2010 at Milwaukee, Wisconsin.

                                      **BY THE COURT:**

                                      s/ William E. Callahan, Jr.
                                      WILLIAM E. CALLAHAN, JR.
                                      United States Magistrate Judge